IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

ESTEVAN DE LA TORRE,

    Petitioner,

v.                                                  Case No. 1:23-cv-00047

WARDEN, FCI MCDOWELL,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and Respondent's Motion to Dismiss, or in the alternative Motion for Summary Judgment (ECF No. 7). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Estevan De La Torre ("Petitioner"), Federal Register Number 67509-061, is a federal inmate who is designated by the Bureau of Prisons ("BOP") to the Federal Correctional Institution McDowell, West Virginia, with a current projected release date of April 20, 2025. *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/. Petitioner's petition and Respondent's motion both contain incomplete or inaccurate information concerning Petitioner's prior convictions and sentences. Thus, the undersigned sets forth more details concerning Petitioner's multiple criminal cases herein.

**A.     Petitioner's criminal convictions and sentences.**

A review of PACER indicates that, on October 21, 2008, after his guilty plea to one count of possession with intent to distribute 100 grams or more of heroin, Petitioner (then known as Estevan De La Torre) was sentenced in the United States District Court for the Southern District of Ohio to 57 months of imprisonment, followed by a five-year term of supervised release. *United States v. De La Torre*, No. 2:08-cr-00077-EAS-1, ECF No. 34 (S.D. Ohio Oct. 21, 2008). Then, on April 19, 2018, after his release to supervision on the Ohio conviction, Petitioner (then apparently known as "Adrian Perez Mercado" a/k/a "Kelvin Roman") plead guilty to one count of possession with intent to distribute 500 grams or more of methamphetamine in the United States District Court for the Southern District of Indiana. For that conviction, Petitioner was sentenced to serve 120 months of imprisonment, followed by a five-year term of supervised release. *United States v. Mercado*, 1:15-cr-100-JMS-TAB, ECF No. 48 (S.D. Ind. Apr. 19, 2018).[1]

On July 3, 2018, Petitioner's term of supervised release imposed by the United States District Court for the Southern District of Ohio was revoked by that court upon his admission of guilt to a violation of the special condition that he be deported and remain outside the United States. In revoking Petitioner's supervised release, the Ohio court sentenced Petitioner to 17 months of imprisonment, with three months to run consecutive to Petitioner's 120-month Indiana sentence, and 14 months to run concurrent with the Indiana sentence. *United States v. De La Torre*, No. 2:08-cr-

---

[1] Although the Indiana record makes no reference to "Estevan De La Torre," Petitioner's petition lists this Indiana federal conviction as his current sentence being served. Additionally, Petitioner's Ohio supervised release revocation judgment runs that sentence both concurrently and consecutive to the Indiana sentence. Thus, it appears that Estevan De La Torre and Adrian Perez Mercado (a/k/a "Kelvin Roman") are the same individual.

00077-EAS-1, ECF No. 47 at 2 (S.D. Ohio July 3, 2018).

### B. Petitioner's instant habeas corpus petition.

On January 19, 2023, Petitioner filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 asserting that he is "eligible for FSA credits" and "requesting that [he] be able to apply FSA sentencing credits available to [him]." (ECF No. 1 at 6-7). The petition further asserts:

> The court upheld Petitioner's arguments that those with detainers of any sort are still eligible for FSA credits. I am disqualified from R.D.A.P. halfway house, Narcotics Anonymous, early release. I have completed all the classes and recommendations to qualify for FSA credits. * * * According to the legislature requirement and the PATTERN set forth by the BOP, I am eligible. Now that immigration detainers and or deportation status does not disqualify me.

(*Id.* at 6).

In response to an Order to Show Cause entered by the undersigned on April 13, 2023 (ECF No. 5), on May 31, 2023, Respondent filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment asserting that Petitioner is not eligible for application of FSA federal earned time credits (discussed *infra*) because he has had a final order of removal or deportation entered against him. (ECF No. 8 at 3-5). Attached as Exhibit 1 to Respondent's motion is a Department of Homeland Security ("DHS") Immigration Detainer – Notice of Action, dated September 17, 2018, indicating that a "final order of removal" has been lodged against "Adrian Roman Perez aka Estevan De La Torre." (ECF No. 8-1). Respondent's motion further asserts that, to the extent that Petitioner's § 2241 petition may be challenging the validity of this detainer, this court lacks jurisdiction to consider the same, because Petitioner is not presently "in custody" by reason of the removal detainer. (*Id.* at 5-6).

On June 1, 2023, the undersigned entered an Order and Notice, pursuant to the holding in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of his right and obligation to respond to Respondent's motion and of the type of evidence required to oppose a motion for summary judgment. (ECF No. 9 at 1-2). The Order and Notice set a deadline of June 23, 2023 for Petitioner's response, and June 30, 2023 for any reply by Respondent. Petitioner filed no response to Respondent's motion. Accordingly, the undersigned treats Respondent's motion as undisputed and it is ripe for resolution.

## STANDARDS OF REVIEW

### A.  Rule 12(b)(6) Dismissal for Failure to State a Claim

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal citations omitted). In considering a motion to dismiss for failure to state a claim, a petitioner's well-pleaded allegations are taken as true, and the complaint or petition is viewed in the light most favorable to Petitioner. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also, Martin*, 980 F.2d at 952.

### B.  Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure applies to habeas corpus proceedings. *See, e.g., Blackledge v. Allison*, 431 U.S. 63, 81 (1977); *Maynard v. Dixon*, 943 F.2d 407, 412 (4th Cir. 1991). Entry of summary judgment is appropriate when there is "'no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Rule 56(c), Fed. R. Civ. P.); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990) (citations omitted). In determining whether summary judgment should issue, the facts and inferences drawn from these facts are viewed in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

### A.   The relevant FSA eligibility provisions.

Petitioner's § 2241 petition seeks the application of federal earned time credit ("FTC") pursuant to the First Step Act of 2018 ("FSA"), Public Law 115-391. However, Respondent's motion asserts that Petitioner is not eligible for application of FTC because of his deportation order. Before turning to the merits of Petitioner's claim, the undersigned begins with a discussion of the pertinent provisions of the FSA.

In 2018, the FSA amended 18 U.S.C. § 3621, governing federal prison sentences, and added related provisions in sections 3624 and 3632 concerning recidivism reduction programming and incentives. Specifically, except for inmates convicted of certain enumerated offenses, *see* 18 U.S.C. § 3632(d)(4)(D), or those with a final removal or deportation order, *id.*, § 3632(d)(4)(E), all inmates are eligible to earn up to 10 days of time credits for every 30 days of successfully completed BOP-approved "Evidence-Based Recidivism Reduction Programs" ("EBRR") and "Productive Activities" ("PAS"). *See* 18 U.S.C. §§ 3632(d)(4)(A)(i). Additionally, "[a] prisoner determined by the [BOP] to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of

5

time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." *See* 18 U.S.C. §§ 3632(d)(4)(A)(ii).

Among other incentives to encourage participation in EBRR and PAS, eligible inmates who have earned FTC may have such time credits applied toward their time in prerelease custody or supervised release. *See id.*, §§ 3632(d)(1)-(4)(C). Thus, "FSA time credits, when applied, advance the date when the prisoner will be placed in 'prerelease custody' (including home confinement or residential reentry facilities), or accelerate the date when the prisoner will leave BOP custody to start a term of court-imposed supervised release." *Komando v. Luna*, No. 22-cv-425-SE, 2023 WL 310580, at *4 (D.N.H. Jan. 13, 2023), *report and recommendation approved sub nom, Komando v. FCI Berlin, Warden*, 2023 WL 1782034 (D.N.H. Feb. 6, 2023) (citing *Hedges v. U.S. Marshals Serv.*, No. 5:22-cv-294-DCR, 2022 WL 17177630, at *3 (E.D. Ky. Nov. 23, 2022)); *see also* 18 U.S.C. § 3624(g)(3) (BOP may apply up to twelve months of earned time credits to advance the date a prisoner begins to serve a term of supervised release).

The FSA sets out statutory criteria defining who is eligible to *earn* and *apply* time credits for early release from secured custody. As noted above, one category of inmates that is excluded from eligibility to apply FTC credits towards earlier entry to prerelease custody or supervised release are those with a final removal or deportation order. *See* 18 U.S.C. § 3632(d)(4)(E) ("[a] prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is subject to a final order of removal under any provision of the immigration laws.") It is this provision that is called into question by Petitioner's instant § 2241 petition.

6

Respondent asserts that Petitioner has a "final order of removal" that categorically excludes him from eligibility to apply FTC. (ECF No. 8 at 3-5). His motion asserts:

> Petitioner is subject to a DHS detainer indicating a "final order of removal" has been entered against him. While Petitioner claims he is not subject to such a detainer or that the detainer is invalid, when it comes to reviewing and considering government records, there is a "presumption of regularity [that] attaches to the actions of Government agencies," *United States Postal Serv. v. Gregory*, 534 U.S. 1, 10 (2001), such that "in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14-15 (1926); s*ee also Nardea v. Sessions*, 876 F.3d 675, 680 (4th Cir. 2017) (presuming (absent clear evidence showing otherwise) that the government necessarily obtained a required waiver based on the presumption of regularity); *Anderson v. Quarterman*, No. 3:06cv104, 2007 WL 1428658 (S.D. Tex., May 11, 2007) (citing *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974), *cert. denied*, 421 U.S. 918, (1975) (holding official prison records are entitled to a presumption of regularity and thus carry great evidentiary weight)); *Richey v. United States*, 322 F.3d 1317, 1326 (Fed. Cir. 2003) (noting "the presumption of regularity that attaches to all administrative decisions" of the United States).

(*Id.* at 4-5). Thus, Respondent contends that, unless Petitioner can show by clear and convincing evidence that his alleged final order of removal is invalid, it is presumed to be correct. (*Id.*) (other citations omitted). Moreover, due to the final order of removal, Petitioner would not be eligible for application of FTC to his sentence and his request for relief must be denied. (*Id.*)

Petitioner, on the other hand, appears to be asserting that various courts have recently "upheld [his] argument that those with <u>detainers of any sort</u> are still eligible for FSA credits." (ECF No. 1 at 6) (emphasis added). In support of this contention, Petitioner cites to two decisions from other district courts addressing the inapplicability of § 3632(d)(4)(E) to non-immigration detainers, such as detainers concerning pending

7

state court criminal charges. *See Jones v. Engelman*, No. 22-cv-5292 (C.D. Cal. Oct. 7, 2022) (Order adopting Report and Recommendation in part and declining to rule on whether the FSA allows the BOP to implement a policy precluding federal prisoners <u>with pending criminal charges or detainers</u> from having their accrued FTCs applied to afford them early release because such a finding would essentially be an advisory opinion since the petitioner therein had no pending charges or detainers); *Moody v. Gubbiotti*, No. 21-12004, 2022 WL 4976308 (D.N.J. Oct. 3, 2022) (granting writ of habeas corpus to prisoner whose FTC was withheld based upon an active detainer lodged against him by the Pennsylvania Board of Probation and Parole). Petitioner relies upon these cases, and a change in the BOP's Program Statement 5410.01 to assert that his immigration detainer does not exclude him from application of FTC.

As recently noted by another district court:

> On November 18, 2022, the BOP issued Program Statement 5410.01, *First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*. *See* ECF No. 10-5. Program Statement 5410.01 expanded 18 U.S.C. § 3632(d)(4)(E)(i)'s limitation relating to prisoners subject to a "final order of removal" to include also prisoners with "unresolved immigration status." *Id.* at PageID.78. Specifically, the original Program Statement 5410.01 stated that although "inmates with unresolved pending charges and/or detainers may earn [time credits] . . . they will be unable to apply them to prerelease custody or release to supervision unless the charges and/or detainers are resolved." *Id.* Program Statement 5410.01 further stated that "[a]n inmate with an unresolved immigration status will be treated as if he/she has unresolved pending charges with regard to the application of [time credits]." *Id.* In addition, Program Statement 5410.01 stated that up to 365 days of earned time credits would be automatically applied to early release for prisoners who meet six criteria, including having "no detainers or unresolved charges, to include unresolved immigration status." *Id.* at PageID.81. Because of these portions of Program Statement 5410.01, prisoners with immigration detainers, even if they were not subject to a final order of removal, could not apply earned time credits.

> Federal prisoners subject to immigration detainers began filing habeas petitions challenging these portions of Program Statement 5410.01. At least two district courts concluded that these portions of Program Statement 5410.01 were inconsistent with the plain language of 18 U.S.C. § 3632(d)(4)(E)(i). *See Sierra v. Jacquez*, 2022 WL 18046701, at *3 (W.D. Wash. Dec. 27, 2022) ("The statute's language specifically excludes only prisoners with a final order of removal from eligibility to apply FSA time credits and contains no language that also includes prisoners who are removable or who have immigration detainers."), *report and recommendation adopted*, 2023 WL 184225 (W.D. Wash. Jan. 13, 2023); *Komando v. Luna*, 2023 WL 310580, at *6 (D.N.H. Jan. 13, 2023) ("Potentially removable noncitizens who are *not* the subject of final orders of removal are not within the scope of subparagraph [18 U.S.C. § 3632(d)(4)(E)(i)]."), *report and recommendation approved sub nom. Komando v. FCI Berlin, Warden*, 2023 WL 1782034 (D.N.H. Feb. 6, 2023). Because of these decisions, district courts granted habeas relief to numerous federal prisoners subject to immigration detainers who had sought application of their earned time credits. *See, e.g., Order, Pierre v. Warden, FCI Berlin*, Civil No. 22-cv-412-AJ (D.N.H. Jan. 20, 2023), ECF No. 10; *Obregon v. Warden, FCI Berlin*, Civil No. 22-cv-258-AJ (D.N.H. Jan. 20, 2023), ECF No. 15; *Gonzalez v. Warden FCI Berlin*, Civil No. 22-cv-540-AJ (D.N.H. Jan. 20, 2023), ECF No. 13.
>
> On February 6, 2023, the BOP issued Change Notice 5410.01. *See* ECF No. 10-5 at PageID.62-PageID.64. Change Notice 5410.01 struck from Program Statement 5410.01, among other things, the language relating to prisoners with "unresolved immigration status." *Id.* at PageID.63. As a result of Change Notice 5410.01, federal prisoners subject to immigration detainers are no longer automatically prohibited from applying their earned time credits. *See* ECF No. 14-2 at PageID.103 ("Inmates with detainers or unresolved pending charges, including unresolved immigration detainers, are no longer excluded [from applying earned time credits].").

*Alatorre v. Derr*, No. 22-cv-00516-JMS-WRP, 2023 WL 2599546, at *4-5 (D. Hawaii March 22, 2023) (Seabright, J.).

Petitioner appears to be relying on Change Notice 5410.01 to argue that his immigration detainer no longer prohibits him from application of FTC and his petition suggests that "no final decision has been made about my immigration status[.]" (ECF No. 1 at 2). However, Petitioner appears to misunderstand or misrepresent the nature

9

of his immigration detainer. Because his detainer references a "final order of removal" and does not concern a pending immigration proceeding "with unresolved status," (*see* ECF No. 8-1), Change Notice 5410.01 does not implicate his detainer and his "final order of removal" status still prohibits the application of FTC to his sentence, as governed by 18 U.S.C. § 3632(d)(4)(E). Accordingly, this court cannot grant Petitioner's requested relief of application of FTC to his sentence. Petitioner failed to dispute this argument made in Respondent's motion for summary judgment and failed to present sufficient evidence to create a genuine issue of material fact. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Respondent is entitled to judgment as a matter of law and Petitioner's petition should be denied and dismissed with prejudice.

### B. No jurisdiction to review validity of detainer.

Respondent's motion further asserts that, if Petitioner's § 2241 petition is also challenging the validity of his immigration detainer itself, this court lacks jurisdiction to review that issue because Petitioner is presently "in custody" pursuant to his Indiana and Ohio convictions and not pursuant to the immigration detainer. In support of this contention, Respondent further states that "[a]n ICE[2] detainer 'does not sufficiently place an alien in [ICE] custody to make habeas corpus available.'" *Campos v. INS*, 62 F.2d 311, 314 (9th Cir. 1995) (internal quotations omitted); *see also Prieto v. Gluch*, 913 F.2d 1159, 1163 (6th Cir. 1990), *cert. denied*, 498 U.S. 1092 (1991); *Orozco v. INS*, 911 F.2d 539, 541 (11th Cir. 1990); *Campillo v. Sullivan*, 853 F.2d 593, 595-96 (8th Cir. 1988), *cert. denied*, 490 U.S. 1092 (1989); *Roldan v. Racette*, 984 F.2d 85, 88 (2d Cir.

---

2 "ICE" stands for "United States Immigration and Customs Enforcement."

1993). (ECF No. 8 at 5-5). Respondent's contention that the court must, therefore, deny Petitioner's § 2241 petition for lack of jurisdiction to challenge an ICE detainer, *see, e.g., Vang v. Lund,* No. 15-cv-5972-JFW-JC, 2015 WL 5997193, at *1 (C.D. Cal. Aug. 24, 2015), *adopted* 2015 WL 5971546 (C.D. Cal. Oct. 3, 2015), is undisputed by Petitioner.

The undersigned agrees that, to the extent Petitioner is attempting to challenge the validity of his detainer showing that he has a final order of removal, because he is presently in custody pursuant to the valid judgments of federal district courts for his drug trafficking offenses and violation of his terms of supervised release, and not due to his ICE detainer, this court lacks jurisdiction to consider the challenge to the detainer herein and, thus, Petitioner's claim must be dismissed.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (ECF No. 8), **DENY** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1), and **DISMISS** this civil action from the docket of the court.

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying

the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Faber.

The Clerk is directed to file this "Proposed Findings and Recommendation," to mail a copy of the same to Petitioner, and to transmit a copy to counsel of record.

February 5, 2024

Dwane L. Tinsley
United States Magistrate Judge